**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Safa Steven Iranpour, et al., | ) | CASE NO. 1:07 CV 3567 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| John Licastro, et al., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendants. | ) | |

<u>Introduction</u>

This matter is before the Court upon defendants' Motion for Summary Judgment (Doc. 40). This case arises out of the alleged improper revocation of a pool permit. For the following reasons, defendants' motion is granted.

<u>Facts</u>

Plaintiffs, Safa Steven Iranpour and his wife, Farideh Iranpour, filed their Amended Complaint against defendants, John Licastro, in his official capacity as Mayor of the Village of Bratenahl, Ohio and as Chairman of the Board of Zoning Appeals; Tom Jamieson, in his official capacity as Commissioner of Buildings for the Village of Bratenahl, Ohio; Mary Beckenbach, in her official capacity as member of the Board of Zoning Appeals; and Fred

Kreiner, in his official capacity as member of the Board of Zoning Appeals.

The deposition of plaintiff Safa Steven Iranpour, and exhibits attached thereto, establish the following facts. In March 2001, plaintiffs purchased residential property located at 12325 Lake Shore Boulevard in the Village of Bratenahl (hereafter, Bratenahl) with the intention of completely renovating the existing house. Plaintiffs began renovation in 2003. Subsequently, plaintiffs decided to construct a pool on their property. In 2007, plaintiffs hired American Pools and Foundations, LTD to manage its construction. Plaintiffs met with Bratenahl's Architectural Review Board (ARB) on July 10, 2007 regarding the pool project. At that meeting, the ARB gave conditional approval of the project subject to plaintiffs' satisfaction of three requirements. Following that meeting, work continued on the pool project despite the fact that plaintiffs had not satisfied the three conditions. On July 25, 2007, Mr. Iranpour met with defendant Jamieson (the Village's building inspector, or Commissioner of Buildings) and Mr. Bauschard of the ARB and was told what deficiencies continued to exist with regard to the three requisites. In particular, Mr. Iranpour was told that he still needed to obtain grading plans for the property, the plans for covering the pool equipment were insufficient and it was necessary that he obtain a detailed elevation of the covering of the pool equipment. Despite the failure to satisfy the three conditions established at the July 10 meeting, Jamieson came to plaintiffs' property on August 8, 2007 and observed that a cement pad had been poured beneath the pool equipment without the Village's approval. As a result of the conditions not being met, and because work was continuing in the absence of this requirement, American Pools's permits were revoked by the Village on August 9, 2007. Plaintiffs appealed the revocation to the Board of Zoning Appeals (BZA) of the Village. On

2

October 23, 2007, the BZA upheld the decision.  Plaintiffs did not file an action in the Cuyahoga County Court of Common Pleas seeking to overturn the decision.

Plaintiffs filed their Complaint herein in November 2007.  In 2008, plaintiffs submitted the required plans.  In late March 2008, plaintiffs sought leave to file their Amended Complaint.  In April 2008 the ARB again considered the project.  The ARB granted approval in May 2008. In June 2008 the necessary permits for completion of the project were issued.  The pool was installed and operational by August 2008.

The Amended Complaint sets forth five claims.  This Court previously dismissed Counts Two, Three and Five.  Counts One (substantive due process claim) and four (seeking injunctive relief) remain pending.

This matter is now before the Court upon defendants' Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its

3

resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported
> as provided in this rule, an adverse party may not rest upon the
> mere allegations or denials of [his] pleadings, but [his
> response], by affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there is genuine issue
> for trial.  If he does not respond, summary judgment, if
> appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

4

## Discussion

Plaintiffs have named the four defendants in their official capacities only.  Thus, the claims are, in effect, against the Village of Bratenahl, only.  *Lane v. City of LaFollette, Tenn.*, 490 F.3d 410 (6th Cir. 2007) (citing *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir.1993) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") ) "A municipality does not exist in an 'individual' capacity, but only in an 'official' capacity, such that '[l]iability under § 1983 attaches only where a policy or custom of the municipality has caused a violation of the plaintiffs' constitutional rights.' " *Shorts v. Bartholomew,* 255 Fed.Appx. 46 (6th Cir. 2007) (citing *Thompson v. Ashe*, 250 F.3d 399 (6th Cir.2001) and *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978)). "[T]o satisfy the *Monell* requirements a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir.1987)). "A 'policy' is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Shorts, supra* (citations omitted).

### (1) Count One

Count One alleges a violation of Fourteenth Amendment substantive due process. The Amended Complaint alleges that plaintiffs have "federally protected Fourteenth Amendment property rights" in their Bratenahl real estate.  It further alleges, "Plaintiffs were deprived of [their] property rights when defendants arbitrarily, prematurely, and capriciously revoked the

pool contractor's permits and registration, stopping the completion of the renovation of

plaintiff's property."

The Sixth Circuit has recognized the parameters of a substantive due process claim:

> [T]he substantive component of the due process clause imposes certain limitations on governmental deprivations of life, liberty, or property, independent of the procedural limitations imposed on such deprivations by procedural due process. *See Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir.1992). This court has recognized that '[o]ne aspect of substantive due process is the right to be free of 'arbitrary and capricious' action by government actors.' *Bowers v. City of Flint* 325 F.3d 758, 763 (6th Cir.2003) (quoting *Pearson,* 961 F.2d at 1217). The limitations of substantive due process apply both to the legislative actions of governments and the executive actions of governments. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). However, the criteria for determining whether a government action is arbitrary in violation of substantive due process 'differ depending on whether it is legislation or a specific act of a governmental officer that is at issue.' *Id.* When an action by an executive government official is at issue, as in this case, the action will be found to violate substantive due process "only when it 'can properly be characterized as arbitrary, or conscious shocking, in a constitutional sense.' " *Id.* at 847 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992)). '[O]nly the most egregious official conduct" violates substantive due process under this standard.' *Id.* at 846.

*Klimik v. Kent County Sheriff's Department*, 91 Fed.Appx. 396 (6th Cir. 2004).  *See also*

*Nuchols v. Berrong,* 268 Fed.Appx. 414 (6th Cir. 2008) (reiterating that the Supreme Court has

repeated that only the most egregious official conduct can be said to be arbitrary in the

constitutional sense.)

Plaintiffs argue that defendants' action was "conscience-shocking in nature" because

defendants intended to unjustifiably injure plaintiffs by revoking the permits and allowing

plaintiffs' neighbors' opinions to color the decision.  Plaintiffs assert that Jamieson made a

deliberate and arbitrary decision to interpret the zoning and building code against plaintiffs in

order to please plaintiffs' neighbors.

Plaintiffs, however, provide no evidentiary support to show that the revocation of the

permits was unjustified.  Rather, plaintiff Safa Steven Iranpour testifed at deposition that he attended the July 10, 2007 ARB meeting where conditional approval was granted for his project subject to satisfaction of three criteria.  (Safa Steven Iranpour depo. at 18)  Iranpour testified that he met with Jamieson and a member of the ARB on July 25, 2007 when Iranpour was told that the three criteria had still not been met.  Iranpour admitted that he knew at that point that the conditions set by the ARB had not been met.  (*Id.* 24-25)  Iranpour agreed at deposition that in spite of the conditions not being met, the cement pad was poured, and this was observed by Jamieson on August 8, 2007.  (*Id.* 26)  Iranpour admitted that he knew work was continuing on the project even though he had not satisfied the conditions set by the ARB at the July 10, 2007 meeting.  (*Id.* 28)  Iranpour testified that he knew the pool permits were revoked on August 9, 2007 because the conditions were not met.  (*Id.*)  Finally, Iranpour admitted that the permits were revoked because work continued on the project without the July 10, 2007 ARB conditions being met.  (*Id.* 32-33)

Based on plaintiff's own testimony, defendants' conduct was justified and does not shock the conscience.  Plaintiffs make statements in their brief that defendants "bowed to the pressure" of plaintiffs' neighbors, and that the permits were revoked, in part, because of plaintiffs' Middle Eastern descent.  But, there is no evidentiary support.  Plaintiffs also assert that because Jamieson had a conversation with plaintiffs' neighbors on the date he observed that the concrete pad had been poured and that the neighbors pointed this out to Jamieson, the latter then decided to revoke the permits based on the neighbors' complaints.  Jamieson, however, testified that although he did speak with the neighbors, plaintiffs had not obtained approval for the cement pad and that this was the basis of the revocation of the permits.

(Jamieson depo. 97-104)   Plaintiff admitted that the cement pad had been poured without defendants' approval.  (Iranpour depo. 26)

For these reasons, plaintiff's substantive due process claim cannot withstand summary judgment.  For the same reason, plaintiffs cannot demonstrate that the Village of Bratenahl had an improper policy or custom.

For these reasons, Count One fails.

**(4) Count Four**

Count Four alleges that due to the irreparable harm suffered by plaintiffs, defendants must be compelled to restore the registration and work permits of the pool contractor. Defendants assert that this claim is moot.  Plaintiffs contend that due to the Village's improper policy, defendants are likely to be influenced by plaintiffs' neighbors in the future to the detriment of plaintiffs.

The Court agrees with defendants that the claim is moot.  Safa Steven Iranpour testified that new pool permits were ultimately issued and the work was completed in 2008. (Iranpour depo. 45, 47)

Count Four fails.

**<u>Conclusion</u>**

For the foregoing reasons, defendants' Motion for Summary Judgment is granted.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  4/1/09

8